# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**A.S., Petitioner Below,**
**Petitioner**

**vs) No. 14-0581** (Mercer County 14-DV-144)

**K.T., Respondent Below,**
**Respondent**

**FILED**

May 18, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner A.S., by counsel Phillip Scantlebury, appeals the Circuit Court of Mercer County's June 10, 2014, order denying his petition for appeal from the Family Court of Mercer County.[1] Pro se respondent K.T. filed a response. On appeal, petitioner alleges that the circuit court erred in denying his petition for appeal because he was denied the appointment of a guardian ad litem in both family and circuit courts, there was no evidence to support the issuance of a domestic violence protective order, the circuit court failed to review respondent's divorce petition, and the lower courts failed to properly apply West Virginia Code § 48-27-401.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2014, petitioner's estranged wife filed a petition for a domestic violence protective order, alleging that petitioner sexually abused her in November of 2013. Subsequently, a warrant was issued for petitioner's arrest. According to petitioner, he remained incarcerated during the pendency of these proceedings. In early April of 2014, the family court appointed a guardian ad litem to act on petitioner's behalf due to his incarceration. On April 15, 2014, the

---

[1]The basis for the domestic violence protective order below involved allegations of sexual crimes against respondent. As such, in keeping with this Court's policy of protecting the identity of the victims of sexual crimes, the parties will be referred to by their initials throughout this memorandum decision.

[2]In his notice of appeal to this Court, petitioner raised assignments of error relating to jurisdiction and venue below. However, in petitioner's brief he states that, with the advice of counsel, these issues have been waived. As such, the Court will not address those assignments of error related to venue or jurisdiction below.

1

family court granted respondent's petition for a domestic violence protective order against petitioner. According to petitioner, his guardian ad litem was relieved prior to the hearing because he appeared for the hearing in person.

The following month, petitioner filed an appeal to the circuit court alleging an abuse of discretion and improper venue. The circuit court thereafter held a hearing on the petition for appeal at which the parties appeared pro se. During the hearing, petitioner argued that the family court abused its discretion but, as the circuit court found, "did not provide any support for his argument." Ultimately, the circuit court denied the petition for appeal. It is from this order that petitioner now appeals.

We have previously established the following standard of review:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). Upon our review, we find no error in the circuit court denying petitioner's appeal. To begin, several of petitioner's assignments of error on appeal to this Court have been waived because petitioner did not assert them in his appeal to circuit court. Those issues are as follows: (1) that the family court erred in proceeding on respondent's domestic violence petition without requiring his guardian's presence; (2) that the family court lacked an evidentiary basis to award respondent a domestic violence protective order; and (3) that the family court erred in failing to apply West Virginia Code § 48-27-401. As the circuit court noted, the record shows that on appeal to circuit court, petitioner simply alleged that the family court abused its discretion without providing any support for this allegation.[3] We have previously held that "[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered." *Noble v. W.Va. Dep't of Motor Vehicles*, 223 W.Va. 818, 821, 679 S.E.2d 650, 653 (2009) (quoting *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)). As such, because petitioner failed to raise these issues on appeal to the circuit court, we decline to address them on appeal.

As to petitioner's remaining assignments of error, the Court finds no merit therein, especially in light of petitioner's failure to provide evidence or argument in support of these claims. First, there is no evidence in the record that the circuit court failed to consider

---

[3]The record on appeal does include a brief in support of petitioner's appeal to circuit court. However, this brief was filed on June 25, 2014, approximately one month after the circuit court conducted its hearing on the petition for appeal, and fifteen days after the circuit court entered its order denying the same. Moreover, none of the issues petitioner raised on appeal to this Court were addressed therein. In fact, petitioner actually alleged error in the family court requiring him to be represented by the guardian and file motions by counsel, as well as in denying his prior motion to allow his transport to appear at the April 15, 2014, hearing in person.

respondent's divorce petition in regard to the petition for a domestic violence protective order, and petitioner provides no argument in support of this assignment of error. Second, petitioner provides no evidence to support his argument that the circuit court erred in proceeding with the hearing on his petition for appeal while he was incarcerated and without a guardian to represent him. The only evidence petitioner provides in regard to his incarceration is a copy of his offender information from the West Virginia Regional Jail website indicating he was booked in March of 2014. The document appears to have been filed in the Circuit Court of Mercer County on April 8, 2014. Conversely, the hearing on the order on appeal took place on May 19, 2014, and indicates that petitioner was present.

Pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, a petitioner's brief must contain an argument demonstrating clearly the points of fact and law presented. That rule also requires that such argument "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal." In regard to the remaining assignments of error, petitioner's brief is wholly unsupported by evidence in that it is completely devoid of appropriate and specific citations as contemplated by our rule. As such, we find no error in the circuit court denying the petition for appeal below.

For the foregoing reasons, the circuit court's June 10, 2014, order denying the petition for appeal is hereby affirmed.

Affirmed.

**ISSUED**: May 18, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II